## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIV. ACTION NO. 17 - 6692 |
| v. | ) ) | **COMPLAINT** |
| PALM USA, INC. d/b/a CITY SPORTS; CITY SPORTS ON CENTRAL; CITY SPORTS ON WILSON; CITY SPORTS ON MADISON; KOKO PALM PARTNERSHIP; NORTH RIVER PARTNERS, INC.; CITY SPORTS ON 87, LLC; AND GLEN TRADING CO., | ) ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991, to correct unlawful employment practices on the basis of race or national

and to provide appropriate relief to D'Andre Brown, Dorian Hudson, and Curtis Ingram, and a

class of Black or Hispanic applicants and employees. As alleged with greater particularity in

paragraphs 33 and 34 below, Defendants Palm USA, Inc., City Sports on Central, City Sports on

Wilson, Koko Palm Partnership, North River Partners, Inc., City Sports on 87, LLC, City Sports

on Madison, Glen Trading Co. (collectively referred to as Defendants) discriminated against a

class of Black or Hispanic applicants and employees and failed to hire or promote them into

management positions, because of their race or national origin. Instead, Defendants favored

1

Koreans.  In addition, Defendant Palm USA, Inc. discriminated against D'Andre Brown, Dorian Hudson, and Curtis Ingram by subjecting them to harassment because of their race.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Illinois, Eastern Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant Palm USA, Inc. has continuously been a corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Palm USA, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant City Sports on Central has continuously been a partnership doing business in the State of Illinois and the City of Chicago.

2

7.     At all relevant times, Defendant City Sports on Central. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.     At all relevant times, Defendant City Sports on Wilson has continuously been a partnership doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

9.     At all relevant times, Defendant City Sports on Wilson has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

10.    At all relevant times, Defendant Koko Palm Partnership has continuously been a partnership doing business in the State of Illinois and the Cities of Joliet and Bolingbrook.

11.    At all relevant times, Defendant Koko Palm Partnership has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

12.    At all relevant times, Defendant North River Partners, Inc. has continuously been a corporation doing business in the State of Illinois and the City of North Riverside.

13.    At all relevant times, Defendant North River Partners, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

14.    At all relevant times, Defendant City Sports on 87, LLC, has continuously been a limited liability company doing business in the State of Illinois and the City of West Chicago.

3

15.     At all relevant times, Defendant City Sports on 87, LLC, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

16.     At all relevant times, Defendant City Sports on Madison has continuously been a partnership doing business in the State of Illinois and the City of Chicago.

17.     At all relevant times, Defendant Palm City Sports on Madison has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

18.     At all relevant times, Defendant Glen Trading Co. has continuously been a corporation doing business in the State of Illinois and the City of Chicago.

19.     At all relevant times, Defendant Glen Trading Co. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

20.     At all relevant times, Roy Kim has been a partner in City Sports on Central, City Sports on Wilson, City Sports on Madison, and Koko Palm Partnership.

21.     At all relevant times, Wan Lee has been a partner in City Sports on Central, City Sports on Wilson, City Sports on Madison, and Koko Palm Partnership.

22.     At all relevant times James Song has been a partner in City Sports on Central, City Sports on Wilson, City Sports on Madison, and Koko Palm Partnership.

23.     At all relevant times, Jin Han has been a partner in City Sports on Central.

24.     At all relevant times, Chang Seol has been a partner in Koko Palm Partnership.

25.     At all relevant times, Defendants Palm USA, Inc., City Sports on Central, City Sports on Wilson, Koko Palm Partnership, North River Partners, Inc.; City Sports on 87th LLC,

4

City Sports on Madison, and Glen Trading Co.; and Roy Kim, Wan Lee, James Song, Jin Han and Chang Seol have operated such that they are a single employer because Palm USA, Inc, through its managers, has directed the discriminatory hiring and promotion practices of the other defendant partnerships, corporations, and limited liability company.

26.     At all relevant times, the Defendants collectively, operating as a single employer, have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

27.     At all relevant times, Defendants collectively, operating as a single employer, have continuously had at least 15 employees.

## ADMINISTRATIVE PROCEDURES

28.     More than thirty days prior to the institution of this lawsuit, D'Andre Brown, Dorian Hudson, and Curtis Ingram filed charges with the Commission alleging violations of Title VII by Defendant Palm USA, Inc.

29.     On July 12, 2017, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated because Defendants engaged in discrimination in hiring or promotion to management positions on the basis of race or national origin and in race harassment and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

30.     The EEOC engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

31.     Thereafter, the EEOC determined that it was unable to secure from Defendants a conciliation agreement acceptable to the EEOC, and on August 14, 2017, issued to Defendants a notice of failure of conciliation.

32.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

33.     Since at least February 2013, Defendants have engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a), by discriminating against a class of Black or Hispanic employees and applicants by failing and refusing to hire and/or promote them into management positions at City Sports stores because of their race or national origin in favor of Koreans

34.     Since at least February 2013 to April 2014, Defendant Palm USA, Inc. discriminated against D'Andre Brown, Dorian Hudson, and Curtis Ingram by subjecting them to harassment based on their race. The harassment included unwelcome and offensive racial comments and slurs. Palm failed to exercise care to prevent and correct promptly the racial harassment.

35.     The effect of the practices complained of in paragraphs 33 and 34 above has been to deprive Brown, Hudson, and Ingram and a class of Black or Hispanic employees or applicants of equal employment opportunities and otherwise adversely affect their status as employees or applicants because of their race or national origin.

36.     The unlawful employment practices complained of in paragraphs 33 and 34 above were and are intentional.

37.     The unlawful employment practices complained of in paragraphs 33 and 34 above were and are done with malice or with reckless indifference to the federally protected rights of

Brown, Hudson, Ingram, and a class of Black or Hispanic employees or applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in hiring or promotion practices that discriminate on the basis of race or national origin.

B.      Grant a permanent injuncting enjoin Defendant Palm USA, Inc. from engaging in harassment on the basis of race.

C.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black and Hispanics and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendants to make whole Brown, Hudson, and Ingram and a class of Black or Hispanic employees or applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, instatement or promotion or a class of Black or Hispanic employees or applicants, or front pay in lieu thereof.

E.      Order Defendants to make whole Brown, Hudson, Ingram and a class of Black or Hispanic employees or applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 33 and 34 above, including, but not limited to, job search and medical expenses, in amounts to be determined at trial.

F.      Order Defendants to make whole Brown, Hudson, and Ingram and a class of Black or Hispanic employees or applicants by providing compensation for past and future

nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 33 and 34 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

G.      Order Defendants to pay punitive damages for their malicious and reckless conduct, as described in paragraphs 33 and 34 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney

DEBORAH HAMILTON
Supervisory Trial Attorney

ANN HENRY
Trial Attorney

JEANNE SZROMBA

 s/ Jeanne Szromba
Trial Attorney

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8122
Jeanne.szromba@eeoc.gov
ARDC # 6207846