**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | Civil Action No. 17-cv-6692 |
| Plaintiff, | ) | |
| | ) ) | |
| v. | ) | Judge Rebecca Pallmeyer |
| | ) | |
| PALM USA INC. d/b/a CITY SPORTS et al. | ) ) | |
| Defendants. | ) | |

## CONSENT DECREE

## THE LITIGATION

1.      On September 19, 2017, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed suit against Defendants Palm USA, City Sports on Central, City Sports on Wilson, City Sports on Madison, Koko Palm Partnership, North River Partners, and Glen Trading Co. (collectively referred to as "Defendant Employers" hereinafter), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq. The EEOC alleged that Defendant Employers operated as a single employer and discriminated against a class of Black and Hispanic applicants and employees, including Charging Parties D'Andre Brown, Dorian Hudson, and Curtis Ingram (collectively referred to as "Class Members") and failed to hire or promote them into management positions, because of their race or national origin. EEOC also alleged that Defendant Employers discriminated against Charging Parties D'Andre Brown, Dorian Hudson, and Curtis Ingram by subjecting them to harassment because of their race. The EEOC subsequently dropped D'Andre Brown as a class member.

2.      Defendant Employers filed an Answer in this case denying the allegations in EEOC's Complaint that it operated as a single employer and that it engaged in unlawful discrimination or harassment. Nothing in this Decree constitutes or may be construed as an admission by any party of the claims or defenses of any other party.

3.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree").

4.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action.

## FINDINGS

5.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.   This Court had jurisdiction of the subject matter of this action and the parties.

    b.   The Court has jurisdiction over the Personal Guaranties (attached hereto as Exhibit D) and over the Guarantors (as defined in the Guaranties) for the sole purpose of enforcing the Personal Guaranties or resolving any dispute arising thereunder.

    c.   The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Defendant Employers, Charging Parties, the Class Members, and the public are adequately protected by this Decree.

    d.   This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of Title VII and will be in the best interests of the

EEOC, Defendant Employers, the Charging Parties, the Class Members, and the public.

**NOW, THEREFORE,** upon the consent of the parties, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

### INJUNCTION AGAINST DISCRIMINATION

6. Defendant Employers and their officers, agents, employees, successors, assigns, and all persons acting in concert with them are hereby enjoined from discriminating against Black and Hispanic persons on the basis of race or national origin with respect to hiring, promotions, training, and transfers in violation of Title VII.

7. Defendant Employers and their officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from harassing or discriminating or permitting harassment or discrimination on the basis of race in violation of Title VII.

### INJUNCTION AGAINST RETALIATION

8. Defendant Employers and their officers, agents, employees, successors, assigns, and all persons acting in concert with them are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII; filed a Charge of Discrimination under Title VII; testified or participated in any manner in any investigation, proceeding, or hearing under Title VII; or asserted any rights under this Decree.

### MONETARY RELIEF

9. Defendant Employers shall pay, and are jointly and severally liable for the payment of, the gross aggregate sum of $420,000.00 to the Class Members as monetary damages as set forth herein. Within sixty (60) days after Defendant Employers receive the Releases, attached as **Exhibit A**, signed by the Class Members, Defendant Employers shall pay a total of $100,000.00 (the "First

Installment") to the Class Members as provided in the schedule contained in **Exhibit C**, filed under seal. Within 365 days of making the First Installment, the Defendant Employers shall pay a total of an additional $100,000.00 (the "Second Installment") to the Class Members as provided in Exhibit C. Within 365 days of making the Second Installment, the Defendant Employers shall pay a total of an additional $100,000.00 (the "Third Installment") to the Class Members as provided in Exhibit C. Within 365 days of making the Third Installment, Defendant Employers shall pay a total of an additional $120,000.00 (the "Final Installment") to the Class Members as provided in Exhibit C. Defendant Employers shall issue an IRS Form 1099 to all persons listed for each payment.

10.     In the event that the Defendants shall, for any reason whatsoever, fail to pay any of the payments on the date such payment is scheduled to be made, as described in Paragraph 9, then the obligation of the Defendants to pay all amounts then and thereafter due under this Decree shall be automatically accelerated without further act or deed by any person, and without further notice to or order of the Court, so that the entire aggregate amount then remaining due to the Class Members shall be immediately due and payable, subject to a seven (7) day cure provision. If Defendants fail to make any payment on the date such payment is be made pursuant to Paragraph 9, EEOC shall notify Defendants of the missed payment, and Defendants shall have seven (7) days from the date of notice to make the missed payment.  All payments to be made under this Decree are guaranteed personally, and jointly and severally, by James Song, Roy Kim, and Wan Lee (Guarantors), as provided in the Personal Guaranties attached hereto as Exhibit D and incorporated herein by reference.  The Guarantors agree that the Court has jurisdiction over them for the sole purpose of enforcing the Guaranties or resolving any disputes arising thereunder.

11.     The distribution of the monetary settlement to the Class Members shall be at the sole discretion of the EEOC, which will consider the Class Member's prior experience, tenure, cooperation in this litigation, extent of alleged harm, and the severity, pervasiveness, and duration of any harassment to which the Class Member was allegedly exposed (for those Class Members with harassment claims).

12.     Defendant Employers shall send payments by check via Certified or Registered Mail to the addresses provided by EEOC. Contemporaneously, Defendant Employers shall submit a copy of the check(s) to EEOC. Defendant Employers may send these payments directly or they may arrange the payments to Class Members through their retained counsel, Mauck & Baker, LLC, according to the same schedule in Paragraph 9.

13.     In the event that that any of the Class Members do not provide a signed release within 45 days from the approval and entry date of this Decree by the District Court, or if any of the checks go uncashed for more than 90 days after receipt of the check, these funds shall be redistributed *pro rata* to the other Class Members with the next scheduled payment. Under no circumstances shall any of these funds revert to Defendant Employers.

### PROVISIONS OF THE DECREE CONTINGENT ON DEFENDANT EMPLOYERS' REOPENING

14.     Palm USA, Inc., City Sports on Central, City Sports on Wilson, City Sports on Madison, North River Partners, and Glen Trading Co. shall each provide the EEOC with semi-annual written certifications throughout the duration of the Decree certifying that some or all of their retail stores remain closed and identifying which retail stores are open and which remain closed. The first such certification shall be due 6 (six) months after entry of the Decree.

15.     Within seven (7) days of opening or reopening a store, the respective defendant shall immediately report to EEOC: (1) the address of the store location; (2) the name of the person

managing that location, and if the manager is not the manager who had managed the store prior to when it was closed; (3) the reason why the previous manager is not managing the store location, and the names of every person offered the management position. Every location that opens or reopens shall be bound by the provisions in this Decree contained in paragraphs 16-42 below, without further act or deed by any person and without further notice to or order from the Court. If Defendant Employers fail to provide the information requested in this paragraph, EEOC may apply to the court for appropriate relief immediately without engaging in the requirements of the Dispute Resolution section of this decree.

## PROMOTIONS FOR CLASS MEMBERS

16.     Within thirty (30) days of entry of the Decree, EEOC will provide a list ("Priority Promotion List") of Class Members who are interested in the position of store manager and locations in which they are interested. The Priority Promotion List will be open only to those Class Members employed by City Sports as of February 1, 2020.

17.     As openings for store manager become available at specific stores, Defendant Employers shall first offer the open position to a Class Member on the Priority Promotion List who has identified that location as one they are interested in, subject to the provisions of Paragraph 23. If there is more than one Class Member on the Priority Promotion List for an open Management Position, Defendant Employers may select among the Class Members on the Priority Promotion List. Defendant Employers may consider other employees or outside applicants for an open Management Position only after they have made the offer to all Class Members on the Priority Promotion List interested in that location or there are no Class Members on the Priority Promotion List for the open position. Instances where a store manager trades management positions with another store manager shall not be considered available positions for the purposes of this Decree.

18.    If Defendant Employers promote a Class Member on the Priority Promotion List to the position of store manager, he or she shall be removed from the Priority Promotion List for all positions.

19.    If a Class Member on the Priority Promotion List rejects a promotion offer to become a store manager or equivalent position at a location in which the Class Member on the Priority Promotion List had indicated interest, Defendant Employers need not offer him or her or another store manager or equivalent position based on the terms of this section of the Decree but must give him or her equal consideration should he or she apply for a promotion in the future.

20.    All Class Members on the Priority Promotions List are presumptively qualified for an open Management Position in which he or she has expressed interest and shall be exempt from any new standards unrelated to work performance (including attendance) or work-related misconduct that Defendant Employers adopt.

21.    Defendant may decline to offer a Class Member on the Priority Promotion List a promotion only if that Class Member is no longer employed by City Sports or fails to meet a qualification related to work performance (including attendance) or engages in work related misconduct. If Defendant Employers believe that a Class Member on the Priority Promotion List is not qualified to receive a promotion as outlined in this section, it must inform EEOC within seven (7) days describing the reason for its decision not to promote the Class Member. Defendant Employers may not decline to promote a Class Member on the Priority Promotion List because another potential hire is allegedly more qualified than the Class Member. If EEOC disagrees with Defendant Employers' justification for denying the promotion, the parties will meet and confer within seven (7) days to attempt to resolve any dispute. If the parties cannot reach an agreement, they will submit the dispute to Human Resources Consultant Jaz Park to resolve the dispute. Fees

associated with a dispute resolution shall be capped at five (5) hours to be paid by Defendant Employers.

22.     Defendant Employers shall not change the titles of "sales associate," "assistant manager," "substitute," or "store manager," without obtaining prior written approval from EEOC, and shall thereafter treat those newly named positions in a manner consistent with this Decree, with the new titles put in place of their equivalent titles in place at the time of that this Decree is entered.

23.     For store locations that were open as of February 1, 2020, and closed after that date, if those stores reopen Defendant Employers may offer the position of store manager to the person who held that position at that store as of February 1, 2020 ("current manager"). If the current manager declines the offer of the position, or if Defendant Employer decides not to offer the position to the current manager, Defendant Employers must offer the position to class members on the Priority Promotion List before offering the position to other managers, assistant managers, or outside hires in accord with and subject to Paragraphs 17 and 21.

## ENGAGEMENT OF HUMAN RESOURCES CONSULTANT

24.     Defendant Employers shall engage Jaz Park to serve as a Human Resources Consultant. Park will evaluate Defendant Employers' selection and recruiting policies and practices with respect to Management Positions (including store manager, assistant managers, and substitutes), as well as its anti-discrimination and anti-harassment policies and complaint procedures, and recommend changes, if any.

25.     Specifically, Park will review Defendant Employers' existing policies and procedures and assist Defendant Employers in the revision and implementation of the following:

a. Written job descriptions for each position within Defendant Employers' retail stores;

b. Written selection procedures for Management Positions, as provided in Paragraph 29;

c. Objective hiring and/or promotion criteria for Management Positions, as provided in Paragraph 30;

d. Practices for recruiting for Management Positions;

e. Policies against discrimination and harassment, policies and practices for receiving complaints of discrimination and/or harassment, and investigating such complaints, as provided in Paragraph 33; and

f. Policies and practices regarding discipline applicable to employees.

26. Park will report the findings and outcome of her work with Defendant Employers to Defendant Employers and to EEOC no later than January 31, 2021. The Consultant's Report shall include every recommendation Park made to Defendant Employers, whether Defendant Employer sought to change or reject the recommendation, and any amended recommendation that Park proposed. Within 14 days of receiving the Consultant's Report, EEOC may provide comments and recommendations to Defendant Employers regarding consultant's work. If Defendant Employers disagree with the content of the consultant's report, they may draft a supplemental report describing the disagreements. If Defendant Employer draft a supplemental report, they must provide a copy to EEOC. If Defendant Employers elect not to follow a recommendation made by the Consultant or by EEOC, they shall provide a written explanation within 14 days of receiving the comments and recommendations.

27.     Defendant Employers will implement the recommendations of Park within a reasonable time from the completion of her work, but no later than thirty (30) days after receiving Park's recommendations and EEOC's comments.

28.     Defendant Employers shall pay all fees and costs of Park upon receipt of the consultant's itemized statement. However, the total number of the consultant's hours is capped at 20 hours. If Park believes that she requires additional time above the cap, she may inform both parties. Within seven (7) days of the request for additional time, the parties and Park shall set a time to meet an confer about the duration of any extension.

## SELECTION PROCEDURES FOR MANAGEMENT POSITIONS

29.     Defendant Employers shall adopt written selection procedures for Management Positions to ensure that applicants for such positions are evaluated based on their qualifications and interest and without consideration given to race, ethnicity or national origin. Such procedures shall include, the following:

   a.   A process for advertising open positions to employees;

   b.   An application or other process by which applicants and employees can apply, express interest in and/or request consideration for an open position; and

   c.   An interview process.

30.     Defendant Employers shall adopt written, objective hiring and/or promotion criteria for Management Positions which expressly prohibit considering race, ethnicity or national origin in hiring and promotion decisions. The objective criteria may not have a disparate impact based on race or national origin, unless those criteria are job related and consistent with business necessity and there is not a legitimate, non-discriminatory alternative.

31.     Defendant Employers shall provide a copy of the selection procedures and hiring criteria adopted pursuant to paragraphs 29 and 30 to all current employees and to EEOC within seven (7) days of their adoption.

32.     The selection procedures and hiring criteria adopted pursuant to paragraphs 29 and 30 above shall be included in all employee or personnel handbooks maintained by Defendant Employers.

## ANTI-DISCRIMINATION AND ANTI-HARASSMENT POLICY

33.     Defendant Employers shall adopt or revise, as necessary, a written policy against race and national origin discrimination and harassment ("Anti-Discrimination and Anti-Harassment Policy") and shall maintain such Anti-Discrimination and Anti- Harassment Policy for the duration of this Decree. Defendant Employers shall provide copies of the Anti-Discrimination and Anti-Harassment Policy, in English, Spanish, and Korean, to all their employees no later than seven (7) days after adoption or revision of the policy to all new employees at the time that they are hired. The Anti-Discrimination and Anti-Harassment Policy shall include, at a minimum:

    a.  A prohibition against race and national origin discrimination, including examples of actions that are prohibited;

    b.  A prohibition against race and national harassment, including a definition of race and national origin harassment and examples of behavior that could be considered race or national origin harassment;

    c.  A prohibition against retaliation for complaining about race or national origin discrimination or harassment;

d.  A provision that employees can complain of race or national origin discrimination or harassment or retaliation to any person in the chain of command above the employee, directly to any human resources personnel, or to any other employees Defendant Employers designate to receive complaints;

e.  A provision that managers who receive a complaint of race or national origin discrimination or harassment or retaliation or who witness or otherwise become aware of race or national origin discrimination or harassment or retaliation must report the complaint to human resources personnel;

f.  A provision that all complaints of race or national origin discrimination or harassment or retaliation will be investigated by Defendant Employers' human resources department;

g.  A provision that employees are not required to complain of race or national origin discrimination, harassment or retaliation to a person against whom they allege discrimination, harassment, or retaliation;

h.  A provision that an employee found to have engaged in race or national origin discrimination or harassment will be subject to discipline, up to and including termination;

i.  A provision that Defendant Employers will protect the confidentiality of discrimination, harassment, and retaliation complaints to the extent possible; and

j.  A provision that employees who complain or race or national origin discrimination or harassment will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination. The Anti-

Harassment Policy will not suggest or state that only workers who make "valid" or similar complaints are protected from retaliation.

**ANTI-HARASSMENT/ANTI-DISCRIMINATION TRAINING**

34.     No later than June 2021, and repeating annually during the decree, Defendant Employers shall provide anti-discrimination and anti-harassment training to all employees, including managerial staff and human resources by an experienced trainer. At a minimum, the training must provide:

    a.  Education on the laws pertaining to race and national origin discrimination in hiring and promotion, and the laws pertaining to racial harassment;

    b.  Examples of conduct which constitute discrimination or harassment;

    c.  Information to employees regarding appropriate responses to complaints of discrimination;

    d.  An explanation of the rights and responsibilities of management and non-management employees; and

    e.  Tools for bystander intervention.

35.     All managers and human resources personnel will participate in a separate training session for such employees designed to cover their responsibilities under Defendant Employers' Anti-Discrimination and Anti-Harassment Policies and under Title VII with respect to preventing and remedying discrimination, harassment, and retaliation, in addition to the requirements identified in paragraph 34 above.

36.     Defendant Employers shall obtain the EEOC's approval of its proposed trainer and the proposed training content and materials before the commencement of any training session required pursuant to this Decree. Defendant Employers shall submit the name(s), address(es),

telephone number(s), resume(s), and training proposal of its proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty-eight (28) days prior to the proposed date of each training session. EEOC shall have fourteen (14) days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve Defendant Employers' proposed trainer(s), training proposal, and/or training materials, Defendant Employers shall have seven (7) days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have seven (7) days from the date it receives the information described above to accept or reject the alternate trainer(s), proposal, and/or training materials. If the parties cannot agree on a trainer and training content through this process, they may seek the Court's assistance under the Dispute Resolution section, below.

37.     No later than seven (7) days after each training session described above takes place, Defendant Employers shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this paragraph must include:

      a.   the date, location, and duration of the training;

      b.   a copy of the registry of attendance, which shall include the name and position of each person trained;

      c.   a current list by name and position of all the employees subject to the training requirement; and

d.  copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

## POSTING OF NOTICE

38.     Within seven (7) days after entry of this Decree, Defendant Employers shall post same-size copies of the notices attached as **Exhibit B** to this Decree in a location usually used for communicating to employees at *every* store location owned by Defendant Employers.

39.     Within seven (7) days after entry of this Decree, Defendant Employers shall certify to EEOC in writing that the notice has been posted in accordance with this section.

## RECORD KEEPING

40.     For the duration of the Decree, Defendant Employers shall maintain the following records[1].

a.  All applications for Management Positions;

b.  All notes and other documents relating to interviews with applicants for Management Positions;

c.  Copies (including printouts or other means of preservation of electronic communications) of all postings, advertisements, or other documents or communications publicizing open Management Positions;

d.  A database containing for each applicant for Management Positions: name, race or national origin (if provided by the applicant); Social Security

---

[1] All applications for Management Positions means new applications submitted subsequent to the entry of Consent Decree. All Management Positions mean new positions that become vacant or otherwise available subsequent to the entry of Consent Decree:

number; address, telephone number, date of application or other expression of interest; position applied for; location of position applied for; interview date (if any); names of interviewer(s); date of offer (if any), position offered (if any), whether an offer was accepted or rejected (if applicable); start date in position; reason(s) for selection or nonselection; name of decision-maker(s); position of decision-maker(s).

e. An employee database containing for each employee of Defendant Employers; name, employee number (if any); Social Security number; race or national origin (if provided by employees); address, telephone number; date of hire; position(s) held; dates positions held; rate of pay for each individual in a Management Position; location(s) worked; dates worked at each location; termination date (if applicable), in a manner consistent with the Defendant Employers' usual business practice and as required by law and in such a way as to contain all the required information.

f. Documentation of all offers of positions made to a Class Member on the Priority Promotion List, including date of offer, position(s) offered, and whether position was accepted or rejected.

g. Documentation of any determination that a Class Member on the Priority Promotion List was not qualified.

h. All job descriptions and documents reflecting minimum qualifications for Management Positions;

i. Documents related to payroll for Management Positions;

j. All training materials and registries of attendance required by the Decree;

k.  Documents related to Defendant Employers' recruiting for Management Positions;

l.  Documents related to each complaint or report of race or national origin discrimination or harassment. Such documents shall include the date the complaint was made; the name of the complainant (including name, address, and telephone number); the allegations of the complaint; a written copy of the complaint, if any; interview notes; and a description of what action Defendant Employers took, if any, to address the matter; and

m.  Documents related to each complaint of retaliation. Such documents shall include the date the complaint was made; the name of the complainant (including name, address, and telephone number); the allegations of the complaint; a written copy of the complaint, if any; interview notes; and a description of what action Defendant Employers took, if any, to address the matter.

41.    Defendant Employers shall make all documents or records referred to in this section available for inspection and copying within fourteen (14) days after the EEOC so requests at the EEOC's Chicago District Office, or at another mutually agreed upon location. In addition, Defendant Employers shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and be interviewed.

## **REPORTING**

42.    Defendant Employers shall furnish to the EEOC written reports semi-annually for the duration of the Decree. The first report shall be due six (6) months after entry of the Consent Decree. Subsequent semi-annual reports shall be due every six (6) months thereafter, except that

the final report shall be due fifty-nine (59) months after entry of the Decree. Each such report must include the following:

a. The total number of persons, including subtotals by race and national origin, who were newly selected for each Management Position during the reporting period;

b. The name, race and/or national origin of each person newly selected for each Management Position during the reporting period;

c. The applicant database required by Paragraph 40(d) for the relevant reporting period;

d. the employee database as required in paragraph 40(e);

e. Copies of all application materials for Management Positions;

f. A description of changes, if any, made during the reporting period to Defendant Employers' application, interviewing, and selection procedures and/or hiring criteria for Management Positions;

g. A description of Defendant Employers' recruiting efforts, if any, for Management Positions;

h. A description of all complaints or reports of race or national origin discrimination or harassment or of retaliation received during the reporting period;

i. A certification by Defendant Employers that the Notices required to be posted in the Posting of Notice section, above, remained posted during the entire six (6) month period preceding the report; and

j.   A certification that all Training has been provided as required in the Anti-Harassment/Anti-Discrimination training section, above.

## **DISPUTE RESOLUTION**

43.    If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party in writing of the alleged non-compliance with specificity and shall afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.

## **DURATION OF THE DECREE AND RETENTION OF JURISDICTION**

44.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of five (5) years immediately following the entry of the Decree, provided, however, that if, at the end of the five (5) year period, any disputes under paragraph 43, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## **MISCELLANEOUS PROVISIONS**

45.    "Days" as used in the Consent Decree means calendar days.

46.    Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

47.    The terms of this Consent Decree shall be binding upon the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant Employers.

Defendant Employers, and any successor(s) of Defendant Employers, shall provide a copy of this Decree to any organization or person who acquires or merges with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger.

48.     The service of any notices, reports, or certificates to be given to the parties under this Consent Decree will be deemed sufficient, and effective upon sending, if sent by electronic mail, with the subject "Defendant Employers Consent Decree Monitoring," to all of the following electronic mail addresses:

jonathan.delozano@eeoc.gov;
ann.henry@eeoc.gov;
jeanne.szromba@eeoc.gov

Any written reports must also be mailed to:

Palm USA, Inc., et al. Consent Decree Monitoring
U.S. EEOC
230 S. Dearborn Street, Ste: 2920
Chicago, Illinois 60604

All notices to Defendants, including without limitation under Paragraphs 9 and 10, will be deemed sufficient, and effective upon sending, if sent by electronic mail to all of the following electronic mail addresses:

Jin.noh@palmusa.com;
John.kim@palmusa.com;
slee@mauckbaker.com;
tlu@mauckbaker.com

Notices must also be mailed to all following addresses:

5050 W. Lawrence Avenue
Chicago, IL 60640

Mauck & Baker, L.L.C.
1 N. LaSalle, Suite 600
Chicago, IL 60602

Any changes to the recipients, electronic mail addresses, or physical addresses for providing notices under this Decree must be made to all other parties in writing.

49.     Whenever possible, each provision and term of this Consent Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Consent Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Consent Decree and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

50.     When this Decree requires certification by Defendant Employers of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant Employers to the best of such officer or management employee's knowledge, information, and belief.

**AGREED TO IN FORM AND CONTENT:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Gregory Gochanour                          /s/ Jeanne Szromba
Gregory Gochanour                               Jeanne Szromba
EQUAL EMPLOYMENT OPPORTUNITY     EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                       COMMISSION
Chicago District Office                          Chicago District Office
230 S. Dearborn, Suite 2920                      230 S. Dearborn, Suite 2920

Chicago, Illinois 60604
Telephone: (312) 872-9685
E-Mail: gregory.gochanour@eeoc.gov

/s/ Deobrah Hamilton
Deborah Hamilton
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9671
E-Mail: deborah.hamilton@eeoc.gov

/s/ Ann Henry
Ann M. Henry
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9659
E-Mail: ann.henry@eeoc.gov

Chicago, Illinois 60604
Telephone: (312) 872-9692
E-Mail: jeanne.szromba@eeoc.gov

/s/ Jonathan Delozano
Jonathan Delozano
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9695
E-Mail: jonathan.delozano@eeoc.gov


For PALM USA, INC.


_____
Roy Kim
President


For CITY SPORTS ON CENTRAL


_____
Jin Han
General Partner

For CITY SPORTS ON WILSON


_____
Roy Kim

General Partner

For CITY SPORTS ON MADISON

_____
Roy Kim
General Partner

For KOKO PALM PARTNERSHIP

_____
Roy Kim
General Partner

For NORTH RIVER PARTNERS, INC.

_____
James Song
President

For GLEN TRADING CO.

_____
James Song
President

For JAMES SONG, for the sole purpose of paragraphs 9-10 as Guarantor and enforcement of the Guaranty

_____
James Song, individually

For ROY KIM, for the sole purpose of paragraphs 9-10 as Guarantor and enforcement of the Guaranty

_____

Roy Kim, individually

For WAN LEE, for the sole purpose of paragraphs 9-10 as Guarantor and enforcement of the Guaranty

_____

Wan Lee, individually

**SO ORDERED, ADJUDGED, and DECREED on this 30th day of October, 2020.**

    **By the Court:**

_____

The Hon. Rebecca R. Pallmeyer
United States District Court Judge

## EXHIBIT A

## RELEASE AGREEMENT

In consideration of $_____ to be paid to me by the Defendant Employers[2], in connection with the resolution of *EEOC v. Palm U.S.A. et al.* 17-CV-06692, I waive my right to recover for any claims of race or national origin discrimination or racial harassment under Title VII of the Civil Rights Act of 1964 that I had against the Defendant Employers in this matter, on or before the date of this release, and that were included in the claims in EEOC's complaint in *EEOC v. Palm U.S.A. et al.*

_____          _____

Signature                                                                          Date

_____

Name (Please print)

_____

Address (including any Apt or Unit #)

_____

City, State, Zip

_____

Social Security Number

_____

[2] Defendants Palm USA, City Sports on Central, City Sports on Wilson, City Sports on Madison, Koko Palm Partnership, North River Partners, and Glen Trading Co.

# EXHIBIT B

## NOTICE TO PALM USA EMPLOYEES

This notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Palm USA, Inc. ("Palm USA") and other entities.

In the suit, the EEOC alleged that Palm USA and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Palm USA denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, Palm USA and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. Palm USA has agreed to contribute toward a total sum of $420,000, to be distributed at the discretion of the EEOC to any qualifying class members.
2. Palm USA has agreed not to discriminate against or harass any employee on the basis of race or national origin Palm USA has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. Palm USA has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. Palm USA has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. Palm USA will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Palm USA Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**

_____
Date

The Hon. Rebecca R. Pallmeyer
United States District Court

## NOTICE TO NORTH RIVER PARTNERS EMPLOYEES

This Notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against North River Partners and other entities.

In the suit, the EEOC alleged that North River Partners and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). North River Partners denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, North River Partners and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. North River Partners has agreed to contribute toward a total sum of $420,000, to be distributed at the discretion of the EEOC to any qualifying class members.
2. North River Partners has agreed not to discriminate against or harass any employee on the basis of race or national origin. North River Partners has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. North River Partners has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. North River Partners has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. North River Partners will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: North River Partners Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**
Date

The Hon. Rebecca R. Pallmeyer
United States District Court

## NOTICE TO KOKO PALM EMPLOYEES

This Notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Koko Palm and other entities.

In the suit, the EEOC alleged that Koko Palm and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Koko Palm denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, Koko Palm and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. Koko Palm has agreed to contribute toward a total sum of $420,000 to be distributed at the discretion of the EEOC to any qualifying class members.
2. Koko Palm has agreed not to discriminate against or harass any employee on the basis of race or national origin. Koko Palm has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. Koko Palm has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. Koko Palm has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. Koko Palm will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Koko Palm Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**

_____
Date

_____
The Hon. Rebecca R. Pallmeyer
United States District Court

## NOTICE TO CITY SPORTS ON WILSON EMPLOYEES

This Notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against City Sports on Wilson and other entities.

In the suit, the EEOC alleged that City Sports on Wilson and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). City Sports on Wilson denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, City Sports on Wilson and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. City Sports on Wilson has agreed to contribute toward a total sum of $420,000, to be distributed at the discretion of the EEOC to any qualifying class members.
2. City Sports on Wilson agreed not to discriminate against or harass any employee on the basis of race or national origin. City Sports on Wilson has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. City Sports on Wilson has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. City Sports on Wilson has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. City Sports on Wilson will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: City Sports on Wilson Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**
Date

The Hon. Rebecca R. Pallmeyer
United States District Court

## NOTICE TO CITY SPORTS ON MADISON EMPLOYEES

This Notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against City Sports on Madison and other entities.

In the suit, the EEOC alleged that City Sports on Madison and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). City Sports on Madison denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, City Sports on Madison and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. City Sports on Madison has agreed to contribute toward a total sum of $420,000, to be distributed at the discretion of the EEOC to any qualifying class members.
2. City Sports on Madison has agreed not to discriminate against or harass any employee on the basis of race or national origin. City Sports on Madison has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. City Sports on Madison has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. City Sports on Madison has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. City Sports on Madison will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: City Sports on Madison Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**
Date

The Hon. Rebecca R. Pallmeyer
United States District Court

## NOTICE TO GLEN TRADING EMPLOYEES

This Notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Glen Trading and other entities.

In the suit, the EEOC alleged that Glen Trading and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Glen Trading denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, Glen Trading and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. Glen Trading has agreed to contribute toward a total sum of $420,000, to be distributed at the discretion of the EEOC to any qualifying class members.
2. Glen Trading has agreed not to discriminate against or harass any employee on the basis of race or national origin Glen Trading has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. Glen Trading has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. Glen Trading has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. Glen Trading will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Glen Trading Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**
Date

The Hon. Rebecca R. Pallmeyer
United States District Court

## NOTICE TO CITY SPORTS ON CENTRAL EMPLOYEES

This notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Palm U.S.A. et al.* 17-CV-06992 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against City Sports on Central and other entities.

In the suit, the EEOC alleged that City Sports on Central and other entities discriminated against black and Hispanic employees with respect to hiring and promotion to management positions, and harassed black employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). City Sports on Central denied the allegations in the EEOC's Complaint that it engaged in unlawful discrimination or harassment.

To resolve the case, and to avoid incurring additional costs of litigation, City Sports on Central and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. City Sports on Central has agreed to contribute toward a total sum of $420,000, to be distributed at the discretion of the EEOC to any qualifying class members.
2. City Sports on Central has agreed not to discriminate against or harass any employee on the basis of race or national origin. City Sports on Central has agreed to update its selection procedures and hiring criteria for store manager and assistant manager positions without regard to race or national origin.
3. City Sports on Central has agreed that it will not retaliate against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.
4. City Sports on Central has agreed to maintain and distribute to all employees policies against race and national origin discrimination and harassment and will train all its employees regarding laws prohibiting race and national origin discrimination and harassment.
5. City Sports on Central will provide reports to the EEOC about promotions to store management positions and any complaints of race or national origin discrimination or harassment.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for five (5) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: City Sports on Central Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

**October 30, 2020**
Date

The Hon. Rebecca R. Pallmeyer
United States District Court

# __EXHIBIT C__

[EXHIBIT FILED SEPARATELY UNDER SEAL]

# EXHIBIT D

## PERSONAL GUARANTY

The undersigned, James Song ("Guarantor"), in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission ("EEOC") in the matter of *EEOC v. Palm, USA., Inc., et al.*, Case No. 17-cv-6692 ("Lawsuit"), does hereby unconditionally guarantee Palm USA, Inc., City Sports on Central, City Sports on Wilson, City Sports on Madison, Koko Palm Partnership, North River Partners, and Glen Trading. Co. (collectively, "Defendants") payment of monetary relief totaling $420,000.00 as detailed in the Consent Decree entered as part of the Lawsuit. Guarantor acknowledges and agrees it is jointly and severally liable with Guarantors Roy Kim and Wan Lee for the total $420,000.00 settlement.

Guarantor acknowledges, represents, and warrants that Defendants' agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that the Defendants, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, do not pay or cause to be paid any of the payments described in Paragraph 9 of the Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for seven (7) days after the EEOC provides a written notice of the non-payment to Defendants, Guarantor agrees to pay all amounts then due and owing under Paragraphs 9 and 10 of the Consent Decree (including accelerated payments), without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Defendants or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity, including without limitation any of the other Guarantors, any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Defendants or any other person or entity, including other Guarantors, in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

All notice hereunder to James Song shall be sent in accordance with Paragraph 48 of the Consent Decree.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Northern District of Illinois under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

I have read and understood this Guaranty, or have had it translated for me if necessary, and have had to opportunity to seek advice from counsel prior to signing.

**EXECUTED** to be effective as of this _____ day of October 2020.

**GUARANTOR:**

Name (printed):          _____

Signature:          _____

Address:          _____

Phone:          _____

## PERSONAL GUARANTY

The undersigned, Roy Kim ("Guarantor"), in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission ("EEOC") in the matter of *EEOC v. Palm, USA., Inc., et al.*, Case No. 17-cv-6692 ("Lawsuit"), does hereby unconditionally guarantee Palm USA, Inc., City Sports on Central, City Sports on Wilson, City Sports on Madison, Koko Palm Partnership, North River Partners, and Glen Trading. Co. (collectively, "Defendants") payment of monetary relief totaling $420,000.00 as detailed in the Consent Decree entered as part of the Lawsuit. Guarantor acknowledges and agrees it is jointly and severally liable with Guarantors James Song and Wan Lee for the total $420,000.00 settlement.

Guarantor acknowledges, represents, and warrants that Defendants' agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that the Defendants, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, do not pay or cause to be paid any of the payments described in Paragraph 9 of the Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for seven (7) days after the EEOC provides a written notice of the non-payment to Defendants, Guarantor agrees to pay all amounts then due and owing under Paragraphs 9 and 10 of the Consent Decree (including accelerated payments), without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Defendants or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity, including without limitation any of the other Guarantors, any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Defendants or any other person or entity, including other Guarantors, in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

All notice to Roy Kim hereunder shall be sent in accordance with Paragraph 48 of the Consent Decree.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Northern District of Illinois under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

I have read and understood this Guaranty, or have had it translated for me if necessary, and have had to opportunity to seek advice from counsel prior to signing.

**EXECUTED** to be effective as of this _____ day of October 2020.


**GUARANTOR:**

Name (printed):      _____

Signature:      _____

Address:      _____

Phone:      _____

## PERSONAL GUARANTY

The undersigned, Wan Lee ("Guarantor"), in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission ("EEOC") in the matter of *EEOC v. Palm, USA., Inc., et al.*, Case No. 17-cv-6692 ("Lawsuit"), does hereby unconditionally guarantee Palm USA, Inc., City Sports on Central, City Sports on Wilson, City Sports on Madison, Koko Palm Partnership, North River Partners, and Glen Trading. Co. (collectively, "Defendants") payment of monetary relief totaling $420,000.00 as detailed in the Consent Decree entered as part of the Lawsuit. Guarantor acknowledges and agrees it is jointly and severally liable with Guarantors James Song and Roy Kim for the total $420,000.00 settlement.

Guarantor acknowledges, represents, and warrants that Defendants' agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that the Defendants, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, do not pay or cause to be paid any of the payments described in Paragraph 9 of the Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for seven (7) days after the EEOC provides a written notice of the non-payment to Defendants, Guarantor agrees to pay all amounts then due and owing under Paragraphs 9 and 10 of the Consent Decree (including accelerated payments), without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Defendants or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity, including without limitation any of the other Guarantors, any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Defendants or any other person or entity, including other Guarantors, in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

All notice to Wan Lee hereunder shall be sent in accordance with Paragraph 48 of the Consent Decree.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Northern District of Illinois under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

I have read and understood this Guaranty, or have had it translated for me if necessary, and have had to opportunity to seek advice from counsel prior to signing.

**EXECUTED** to be effective as of this _____ day of October 2020.

**GUARANTOR:**

Name (printed): _____

Signature: _____

Address: _____

Phone: _____